UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAFARI CHILDCARE INC; JAMES OURTH, | ) |
| Plaintiffs, | ) Case No.: 17 C 8547 |
| vs. | ) Judge: Amy J. St. Eve |
| | ) Magistrate Judge: Sidney I. Schenkier. |
| SHIRLEY PENNY; DENICE MURRAY; CAROL MORRIS; RICHARD ALEXANDER; JOEL LAMZ; STANY D'ZOUSA; EDIE WASHINGTON GURLEY; JOSE ALEX MEDINA; FRANK NEUMAN; HELEN CROSS; BETH GIRARDIER; MARY LIVORSI; LESLIE PARELLO-HORTON, JODI GOLEMBIEWSKI; JODINE WILLIAMS; EVA CAMACHO; ROBERT MUSIAL; CONNIE NEYLON; DONNA RIEDL; GWENDOLYN AMBER; VERONICA RESA; COURTNEY MARSHALL; and STACY SMITH, | ) |
| Defendants. | ) |

## JOINT INITIAL STATUS REPORT

**1. The Nature of the Case**

   **a. Attorneys**

   Plaintiffs are represented by attorney Sara Garber (lead attorney), Thedford Garber Law, 53 W. Jackson Blvd., Suite 638, Chicago, IL 60604.

   Defendants are represented by Barbara L. Greenspan, Assistant Attorney General, and Danielle J. Steimel, Assistant Attorney General, 100 W. Randolph St., Suite 11-200, Chicago, IL 60601.

   **b. Basis for Federal Jurisdiction**

   This is a Section 1983 case. Federal jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343(a).

  c. **Nature of the Claims**

Plaintiff Safari Childcare Inc., is a daycare provider in the Chicagoland area and Plaintiff James Ourth is the owner of Safari. Plaintiffs bring this lawsuit against 23 DCFS employees and former employees in their individual capacities alleging they abused their administrative power and targeted and singled out Safari by bringing false administrative code violations and revoking Safari's daycare licenses without cause, in retaliation for Safari speaking out against DCFS shortcomings, as more fully described in the Complaint. Plaintiffs assert the following claims in the Complaint: class of one / equal protection, conspiracy, and First Amendment violation pursuant to 42 U.S.C. § 1983. There are no counterclaims pending at this time.

  d. **Relief Sought by the Plaintiff**

Plaintiffs seek compensatory damages including but not limited to: pecuniary damages, financial damages, reputational damages, emotional distress damages, and injunctive relief, as well as punitive damages, the amounts of which shall be determined by a jury at trial. Plaintiffs also seeks statutory attorneys' fees and costs.

**2. Pending Motions and Case Plan**

  a. **Status of Service of Process**

Plaintiffs had summons along with copies of the complaint delivered to the Illinois Department of Children and Family Services Office of Legal Services located in Chicago, Illinois on December 12, 2017. Counsel for the Defendants contacted counsel for Plaintiffs and advised that they cannot accept service on DCFS employees and former employees sued in their individual capacities in that manner.

Plaintiffs' counsel then sent requests for waivers of formal service for all 23 Defendants to defense counsel on December 18, 2017. Defense counsel have been in the process of locating all 23 Defendants and confirming that Defendants' counsel is authorized to accept the waiver of service of summons on each of their behalf. Defense counsel has been given authority to accept the waiver by some but not all of the Defendants and are still in the process of locating and hearing back from the remaining Defendants.

Defendants anticipate appearing on behalf of all Defendants but need time to confirm representation and finalize service issues. Defendants seek leave to appear and file a responsive pleading for all Defendants at the same time. Plaintiffs have no objection to giving Defendants until March 30, 2018, to appear and file a responsive pleading on behalf of all Defendants. Defendants agree to raise any service issues with Plaintiffs' counsel in advance of that deadline.

  b. **Pending Motions**

There are no motions pending at this time. Defendants seek to and including March 30, 2018, to file a responsive pleading to the Complaint. Plaintiffs have no objection.

### c. Mandatory Initial Discovery Pilot Project Discovery

The parties have not engaged in any discovery to date. The deadline for the parties to disclose all discovery required by the Mandatory Initial Discovery Pilot program is April 30, 2018. The parties have discussed the disclosures required by the Mandatory Initial Discovery Pilot program and do not anticipate any problems complying with these disclosure requirements. The parties note, however, that given the nature of the allegations and the number of individuals involved discovery may be somewhat voluminous. The parties anticipate some discovery of electronically stored information, but do not anticipate any significant issues at this time.

Depending on what is disclosed in response to the MIDP program disclosures, the parties anticipate needing to conduct additional written discovery requests pursuant to FRCP 33 and 34 and anticipate conducting a significant number of depositions.

The parties jointly propose the following discovery schedule / case plan:

- May 31, 2018, as the deadline to issue written discovery requests;
- February 28, 2019, as the deadline to complete fact discovery;
- March 29, 2019 as the deadline for the parties to tender expert disclosures, reports, and summaries as required by the federal rules;
- June 28, 2019, as the deadline to complete expert discovery; and
- July 31, 2019, as the deadline for filing dispositive motions.

The parties request trial by jury and anticipate a jury trial lasting approximately 10 days. The parties anticipate that the soonest date they will be ready for jury trial is October 2019.

The parties agree to electronic service of pleadings and other documents under Federal Rule of Civil Procedure 5(b)(2)(E).

### 3. Consent to Proceed Before Magistrate

The parties do not unanimously consent to proceed before the magistrate judge at this time.

### 4. Status of Settlement Discussions

The parties have not engaged in any settlement discussions at this time. Plaintiff intends to issue a settlement demand once the parties have engaged in some discovery.

Respectfully submitted,

/s/ Sara Garber

Thedford Garber Law
53 West Jackson Blvd., Suite 638
Chicago, Illinois 60604
P: (773) 288-9304
E: sara@thedfordgarberlaw.com
F: 312-754-8096
*Counsel for Plaintiff*

By: /s/Barbara L. Greenspan
Barbara L. Greenspan
Danielle J. Steimel
Assistant Attorneys General
100 W. Randolph St., 11-200
Chicago, IL 60601
312-814-7087
312/814-6788
Barbara.Greenspan@illinois.gov
Danielle.Steimel@illinois.gov
*Counsel for Defendants*