UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAFARI CHILDCARE INC. and JAMES OURTH, | ) | |
| | ) | |
| Plaintiffs, | ) | 17 C 8547 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| SHIRLEY PENNY, DENICE MURRAY, CAROL MORRIS, RICHARD ALEXANDER, JOEL LAMZ, STANY D'ZOUSA, EDIE WASHINGTON GURLEY, JOSE ALEX MEDINA, FRANK NEUMAN, HELEN CROSS, BETH GIRARDIER, MARY LIVORSI, LESLIE PARELLO-HORTON, JODI GOLEMBIEWSKI, JODINE WILLIAMS, EVA CAMACHO, ROBERT MUSIAL, CONNIE NEYLON, DONNA RIEDL, GWENDOWLYN AMBER, VERONICA RESA, COURTNEY MARSHALL, and STACEY SMITH, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Safari Childcare Inc., which operates daycare facilities in the Chicago area, and James Ourth, Safari's owner, bring this suit under 42 U.S.C. § 1983 against nearly two dozen employees of the Illinois Department of Children and Family Services ("DCFS"). Doc. 1. The suit was reassigned to the undersigned judge's calendar in May 2018. Doc. 30. Defendants move under Civil Rules 12(b)(1) and 12(b)(6) to dismiss the claims against them. Docs. 20, 42. The motion is granted, though Plaintiffs will be allowed to replead.

**Background**

In resolving a Rule 12(b)(1) motion asserting a facial challenge to subject matter jurisdiction, as in resolving a Rule 12(b)(6) motion, the court must accept the operative complaint's well-pleaded factual allegations, with all reasonable inferences drawn in favor of

1

Plaintiffs, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Plaintiffs' brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Plaintiffs as those materials permit. *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014). In setting forth the facts at this stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

As the Illinois agency charged with regulating child daycare centers, DCFS is responsible for inspecting and licensing Safari's facilities. Doc. 1 at ¶ 11; *see* 225 ILCS 10/5. Between 1991 and 2010, Ourth did not experience any "significant problems" with DCFS's regulation of his daycare business. Doc. 1 at ¶¶ 8-9, 14. Beginning in 2010, however, DCFS employees engaged in "inappropriate conduct" during inspections of Safari's facilities. *Id*. at ¶¶ 15, 18. Additionally, DCFS employees delayed consideration of Safari's licensing and amendment applications, frustrating its efforts to open new daycare centers. *Id*. at ¶¶ 15-17. In 2011 and early 2012, Ourth scheduled meetings with DCFS administrators and directors to discuss these issues. *Id*. at ¶ 19-20. Unsatisfied with DCFS's response, Ourth contacted local and state politicians, who met with Ourth and DCFS to try to reach resolution. *Id.* at ¶¶ 21-22, 30.

Following an April 2012 meeting at which Ourth and several politicians confronted DCFS administrators about the agency's treatment of Safari, DCFS employees took concerted

adverse actions against Safari. *Id*. at ¶¶ 22-23. Specifically, DCFS employees continued to delay consideration of Safari's license, permit, and renewal applications; increased the frequency of unannounced inspections of its facilities, which discovered technical violations not previously enforced by DCFS; harassed, threatened, and intimidated Safari's staff and customers; and failed to allow Safari an adequate opportunity to understand and correct the alleged violations. *Id*. at ¶¶ 24-29, 31. Although Ourth continued to meet with DCFS in 2012 and 2013, DCFS employees persisted in imposing on Safari increasingly aggressive enforcement not experienced by similarly situated daycare centers. *Id*. at ¶¶ 30-31, 34.

Between November 2013 and May 2015, the DCFS employees' actions culminated in notices of refusal to issue, amend, renew, and/or revoke the licenses for several Safari daycare centers. *Id*. at ¶¶ 34-39. These enforcement actions resulted in the shutdown of five Safari facilities between May 2015 and July 2017, and indirectly caused four more to close between June 2015 and April 2017. *Id*. at ¶¶ 35-40, 45. DCFS rarely demands closure of licensed daycare centers based on the type of relatively minor violations found at Safari's facilities. *Id*. at ¶¶ 42-43.

In late November 2017, Plaintiffs filed this § 1983 suit, which seeks declaratory, injunctive, and monetary relief. *Id*. at ¶¶ 53, 57, 61. Plaintiffs assert three claims: a class-of-one equal protection claim; a First Amendment retaliation claim; and a civil conspiracy claim. *Id*. at ¶¶ 50-61. Although the claims are uniformly asserted against all Defendants, the complaint does nothing to specify which defendant(s) took which particular action(s) alleged therein. *E.g.*, *id*. at ¶ 48 ("Each individual Defendant personally participated in the unlawful conduct described above and acted jointly and in concert with the other Defendants who participated or acquiesced or failed to intervene in the unlawful conduct.").

**Discussion**

Defendants seek dismissal under Rule 12(b)(1) on the ground that the Eleventh Amendment bars Plaintiffs' claims. Doc. 33 at 6-7. This argument implicates the court's subject matter jurisdiction, and thus must be addressed at the threshold. *See Citizens Against Ruining the Env't v. EPA*, 535 F.3d 670, 675 (7th Cir. 2008). When a government employee moves to dismiss an individual capacity suit on Eleventh Amendment grounds, the dispositive question is whether the claims "may really and substantially be against the state." *Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001). It is not possible to answer that question at this time. Because the complaint treats the twenty-three DCFS employee defendants as an undifferentiated mass rather than as individual defendants—that is, because it does not say which defendant(s) took which action(s), and instead refers to them in an omnibus manner to "Defendants" and the like— it is impossible to say whether the claims "nominally against" any particular defendant are in substance asserted "against the state." *Ibid*. Given this unusual circumstance, the court will take the unusual step of bypassing Rule 12(b)(1) and proceeding to Rule 12(b)(6).

Defendants invoke several grounds in seeking dismissal under Rule 12(b)(6), including res judicata, group pleading, qualified immunity, and the statute of limitations. Doc. 33 at 7-15. It is necessary to reach only the group pleading issue.

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Pertinent here, pleading a government employee's liability under § 1983 "requires [allegations of] personal involvement in the alleged constitutional deprivation. … The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Colbert v. City of Chicago*, 851

F.3d 649, 657 (7th Cir. 2017) (citation and internal quotation marks omitted). Accordingly, § 1983 plaintiffs must "ground [their] legal conclusions in a sufficiently plausible factual basis" that places each defendant "on notice of what exactly [he or she] might have done to violate [the plaintiffs'] rights under the Constitution, federal law, or state law." *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009). "Vague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct," are insufficient. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008).

As noted, the complaint fails to differentiate among the nearly two dozen DCFS employees named as defendants. The complaint does not say which DCFS employees participated in which meetings, inspections, and administrative proceedings, nor does it say which employees were responsible for which allegedly unlawful acts. Instead, the complaint refers only to "Defendants," "DCFS Executives," "DCFS," "DCFS directors and administrators," or "DCFS administrators" when describing who undertook the alleged conduct. *E.g.*, Doc. 1 at ¶¶ 20-23. That extreme degree of group pleading is insufficient in a § 1983 suit, where liability requires personal involvement; dismissal accordingly is warranted. *See Brooks*, 578 F.3d at 580 ("The district court was correct to point out that Brooks often uses this vague phrasing [viz., "one or more of the Defendants"], which does not adequately connect specific defendants to illegal acts."); *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) ("A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions.").

## Conclusion

The motion to dismiss is granted. The complaint is dismissed without prejudice to repleading. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir.

2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [the] complaint before the entire action is dismissed."). Once Plaintiffs identify in an amended complaint which defendant is alleged to have done what, the court will be in a position to resolve Defendants' Eleventh Amendment challenge and, if some or all claims survive that challenge, to evaluate Defendants' qualified immunity and statute of limitations defenses. *See Bakalis v. Golembeski*, 35 F.3d 318, 326-27 (7th Cir. 1994) ("Qualified immunity is an individual defense available to each individual defendant in his individual capacity."); *Spalding v. City of Chicago*, 186 F. Supp. 3d 884, 919 (N.D. Ill. 2016) (noting that, for the "continuing violation doctrine" to apply, there must be "continuous or repeated injurious behavior[] by the same actor and of a similar nature") (internal quotation marks omitted).

Plaintiffs have until September 20, 2018 to file an amended complaint. If they do not do so, the dismissal will convert automatically to a dismissal with prejudice, and judgment will be entered. If Plaintiffs replead, Defendants will have until October 4, 2018 to respond to the amended complaint. *See* Fed. R. Civ. P. 15(a)(3).

August 30, 2018

United States District Judge