UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAFARI CHILDCARE INC., and JAMES OURTH, | ) ) ) No. 17 cv 8547 |
| Plaintiffs, | ) ) Hon. Gary S. Feinerman |
| v. | ) ) Hon. Heather K. McShain |
| DENICE MURRAY *et al.*, | ) ) |
| Defendants. | ) |

**JOINT STATUS REPORT**

NOW COME the Plaintiffs, Safari Childcare, Inc., *et al.*, by their attorney Edward Moor, and the Defendants, Denice Murray, *et al.*, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and in accordance with this Court's order of January 29, 2021 (Dkt. # 188), submit the following joint status report to the Court:

**A.     PROGRESS OF DISCOVERY**

    **a.     Written Discovery**

Since the last status report tendered to the Court on January 26, 2021 (Dkt. # 187), Counsel for the Parties conferred pursuant to Local rule 37.2 regarding issues Plaintiffs raised with respect to Defendants' responses to the Plaintiffs' Amended Requests for Production. Following the conference, Defendants Cross, Washington-Gurley, Musial and Smith served amended responses to the Plaintiffs' Amended Requests for Production. Plaintiff represented to Defendants that it would defer the remainder of their concerns until the ESI material had been reviewed.

On February 5, 2021 the Defendants produced the first installment of ESI production, which included 199,693 documents Bates stamped Defendants 86,014-285,706. On February 22,

2021, Defendants produced the second installment of ESI, which included 489,484 documents Bates stamped Defendants 285,707-775,190. Counsel for Defendants requires an additional 30 days to review the remaining ESI for confidential and privileged information, and anticipates approximately two more productions.

One issue that Plaintiffs raised in the recent Local Rule 37 conference between the Parties is that seven of the twenty-three Defendants who have retired answered several of the production requests by stating that they had no responsive documents because they were retired. Many of these Defendants first answered the Plaintiffs' production requests last month. Counsel for Defendants have represented that the case notes of such persons would have been put in the "case file" on any particular day care center, but Plaintiffs' review suggests that this is not always the case. The Defendants at issue are Alexander, Morris, Riedl, Livorsi, Neuman, Marshall and Lamz. Plaintiff seeks leave to issue a subpoena to the DCFS for any material response to two of Plaintiff's production requests, Nos. 28 and 39,[1] given that the Defendants have not yet completed their production and given that it will take some time to review their large ESI production.

Defendants object to allowing Plaintiffs leave to issue a subpoena to DCFS. Plaintiffs have not claimed with any real specificity what material is missing. The licensing files for the 11 Safari daycare centers at issue in the Complaint have been produced. All of the Defendants have produced all hardcopy documents in their possession and control, and Counsel for Defendants do not anticipate producing further hardcopy documents. In addition, the request for documents

---

[1] Request 28 seeks: Any and all documentation relating to Defendant communications with outside agencies or parties including but not limited to: OIG, police, politicians, the media, DHS, Health Departments, Fire Departments, Politicians, Gateways Personnel, and/or IDES employees, concerning Safari Childcare or James Ourth. Request 39 seeks: "Case notes, emails, non-compliance findings, and other Documents pertaining to Safari Childcare and/or James Ourth, as well as correspondence relating to similarly situated providers between 2010 and 2017."

2

"relating to similarly providers between 2010 and 2017" has been limited to include only the 19 identified daycare centers listed in Plaintiffs' Second Amended Complaint at p. 119-120, as ordered by the Court, and those documents have been produced in response to Plaintiffs' subpoena to DCFS regarding those daycare centers. Lastly, the ESI associated with each Defendant is being produced on a rolling basis.

      b.      **Fact and Party Depositions**

Plaintiffs still anticipate needing the depositions of each defendant, one or two depositions from DCFS representatives, and deposition from some of the nineteen non-party day care centers that the Plaintiffs have currently identified as similarly situated.

Defendants still reasonably anticipate that they will take the depositions of Plaintiff James Ourth, Safari Childcare Inc. District Manager and DCFS Liaison Julie Versteegh, and Safari Childcare Inc. District Manager and Corporate Representative Laura Haas. Defendants propose that the Court set a status at the close of Party depositions where each Party can present additional depositions they anticipate needing at that time.

The parties agreed that fact and party depositions should not commence until the named Defendants answer the initial discovery.

The Defendants' production has not been completed by January 31, 2021. Plaintiff had believed that if the Defendants completed their production January 31, 2021 that the fact party depositions can be completed by June 1, 2021, and non-party fact depositions by July 1, 2021. However, Plaintiff cannot commence fact party depositions without production of the emails and requests that the fact oral schedule be set after Defendants' initial production is complete because Plaintiff will need time to review the forthcoming production of emails from the Defendants. Counsel for both Parties require more time to review the ESI that is still being produced on a

rolling basis and therefore a deposition schedule cannot reasonably be made at this time.

### c. Expert Discovery

Both parties anticipate that they will need experts and ask that an expert discovery schedule be set at a later date.

### B. SETTLEMENT EFFORTS

No further discussions have been held and the parties do not think that settlement discussions are appropriate at this time.

Date: February 22, 2021

Respectfully Submitted,

**Plaintiffs**

/s/ Edward R. Moor
  Edward R. Moor
  Moor Law Office, P.C.
  One North LaSalle Street, Suite 600
  Chicago, Illinois 60602
  (312) 726-6207
  erm@moorlaw.net

**Defendants**

KWAME RAOUL
Illinois Attorney General

By: /s/Malka R. Hirsch

BARBARA L. GREENSPAN
MALKA R. HIRSCH
MICHAELINA G. CAMP
Assistant Attorneys General
Child Welfare Litigation Bureau
100 W. Randolph, Suite 11-200
Chicago, Illinois 60601
(312) 814-5255
Barbara.greenspan@illinois.gov
Malka.hirsch@illinois.gov
Michelle.Camp@illinois.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2021, I electronically filed the foregoing Joint Status Report with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all registered users.

                                              /s/ Edward R. Moor