UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAFARI CHILDCARE INC., and <br> JAMES OURTH, <br>       Plaintiffs, <br>   v. <br> DENICE MURRAY *et al.*, <br>       Defendants. | No. 17 cv 8547 <br><br> Hon. Gary S. Feinerman <br><br> Hon. Heather K. McShain |

## JOINT STATUS REPORT

NOW COME the Plaintiffs, Safari Childcare, Inc., *et al.*, by their attorney Edward Moor, and the Defendants, Denice Murray, *et al.*, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and in accordance with this Court's order of February 24, 2021 (Dkt. # 191), submit the following joint status report to the Court:

**A.**     **PROGRESS OF DISCOVERY**

    **a.**     **Written Discovery**

Since the last status report tendered to the Court on February 22, 2021 (Dkt. # 190), the Plaintiff issued a subpoena to the DCFS for certain material concerning from seven of the twenty-three Defendants who have retired. The subpoena was issued on February 24, 2021. The DCFS accepted service. On April 1, 2021 counsel for the Plaintiff conferred with counsel for the DCFS, at her request, with Defense counsel in attendance to address certain questions concerning the extent to which the ongoing ESI production of the Defendants may overlap with the subject of the subpoena. It was agreed that some areas may overlap. Plaintiff will confer with counsel for the DCFS on April 7, 2021 to resolve what remains of the subpoena requests that is not duplicative and is subject to production. Plaintiff will also address when the subpoena

will be complied with on April 7, 2021.

As for the Defendant's ongoing ESI production, on February 5, 2021 the Defendants produced the first installment of ESI production, which included 199,693 emails Bates stamped Defendants 86,014-285,706. On February 22, 2021, Defendants produced the second installment of ESI, which included 489,484 emails Bates stamped Defendants 285,707-775,190. No further production has occurred since February 22, 2021. Counsel for Defendants requires an additional 45 days to review the remaining ESI for confidential and privileged information, and anticipates approximately two more productions. Counsel for Defendants are working with the third-party vendor on developing an efficient and accurate method to redact confidential and privileged material.

While reviewing the ESI material, it became apparent that some of the search terms Parties agreed upon [See Dkt. 185] resulted in confidential matter such as Juvenile Court reports, criminal background check information, reporter identifying information, foster parent identifying information, administrative hearing information, and other confidential material that has no relevance to or bearing on this case. Because of this, Counsel for Defendants suggests that the Parties submit an additional protective order that encompasses all of the ESI produced and specifies that the ESI is for Attorney's Eyes only. The suggested protective order would apply to both the ESI material that has already been produced and to the ESI material that is forthcoming.

    b.    **Fact and Party Depositions**

Plaintiffs still anticipate needing the depositions of each defendant, one or two depositions from DCFS representatives, and deposition from some of the nineteen non-party day care centers that the Plaintiffs have currently identified as similarly situated.

Defendants still reasonably anticipate that they will take the depositions of Plaintiff James Ourth, Safari Childcare Inc. District Manager and DCFS Liaison Julie Versteegh, and Safari Childcare Inc. District Manager and Corporate Representative Laura Haas. Defendants propose that the Court set a status at the close of Party depositions where each Party can present additional depositions they anticipate needing at that time.

The parties agreed that fact and party depositions should not commence until the named Defendants answer the initial discovery.

The Defendants' production will not be completed by April 8, 2021. Plaintiff cannot commence fact party depositions without production of the emails and requests that the fact oral schedule be set after Defendants' initial production is complete because Plaintiff will need time to review the forthcoming production of emails from the Defendants. Counsel for both Parties require more time to review the ESI that is still being produced on a rolling basis and therefore a deposition schedule cannot reasonably be made at this time.

    c.    **Expert Discovery**

Both parties anticipate that they will need experts and ask that an expert discovery schedule be set at a later date.

**B.**    **SETTLEMENT EFFORTS**

No further discussions have been held and the parties do not think that settlement discussions are appropriate at this time.

Date: April 6, 2021

Respectfully Submitted,
**Plaintiffs**                                            **Defendants**

/s/ Edward R. Moor

| | |
|---|---|
| Edward R. Moor<br>Moor Law Office, P.C.<br>53 W. Jackson Blvd., Suite 1527<br>Chicago, Illinois 60604<br>(312) 726-6207<br>erm@moorlaw.net | KWAME RAOUL<br>Illinois Attorney General<br><br>By: /s/Malka R. Hirsch<br><br>BARBARA L. GREENSPAN<br>MALKA R. HIRSCH<br>MICHAELINA G. CAMP<br>Assistant Attorneys General<br>Child Welfare Litigation Bureau<br>100 W. Randolph, Suite 11-200<br>Chicago, Illinois 60601<br>(312) 814-5255<br>Barbara.greenspan@illinois.gov<br>Malka.hirsch@illinois.gov<br>Michelle.Camp@illinois.gov |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 6, 2021, I electronically filed the foregoing Joint Status Report with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all registered users.

                                              /s/ Edward R. Moor