UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAFARI CHILDCARE INC., and ) <br> JAMES OURTH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DENICE MURRAY *et al.*, ) <br> ) <br> Defendants. ) | No. 17 cv 8547 <br><br> Hon. Gary S. Feinerman <br><br> Hon. Heather K. McShain |

**JOINT STATUS REPORT**

NOW COME the Plaintiffs, Safari Childcare, Inc., *et al.*, by their attorney Edward Moor, and the Defendants, Denice Murray, *et al.*, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and in accordance with this Court's order of April 8, 2021 (Dkt. # 196), submit the following joint status report to the Court:

A.  **PROGRESS OF DISCOVERY**

   a.  **Written Discovery**

Since the last status report tendered to the Court on April 6, 2021 (Dkt. # 195), the Plaintiff conferred with counsel for the DCFS on April 7, 2021, with Defense Counsel in attendance to address certain questions concerning the extent to which the ongoing ESI production of the Defendants may overlap with the subject of the subpoena. It was agreed that the DCFS need not produce email from retirees Richard Alexander, Carol Morris, Donna Riedl, Mary Livorsi, Frank Neuman, Courtney Marshall and Joel Lamz as to any Safari location or the 19 similarly situated schools relative to the material sought because that production was and is being made by the Defendants. The DCFS maintained that as to any of the Safari locations the notes Plaintiff seeks relative to retirees Richard Alexander, Carol Morris, Donna

Riedl, Mary Livorsi, Frank Neuman, Courtney Marshall and Joel Lamz would be in the "licensing file" for each Safari location and Plaintiff suggested that an affidavit from a DCFS representative explaining why such was the case might be acceptable. Counsel for DCFS stated that she would need to obtain approval for this idea. Plaintiff is still waiting for that approval. Counsel for DCFS agreed that she needed to search the files on the 19 similarly situated centers to produce any of the material sought relative to retirees Richard Alexander, Carol Morris, Donna Riedl, Mary Livorsi, Frank Neuman, Courtney Marshall and Joel Lamz. No production has been made. Counsel for Plaintiff has spoken with counsel for DCFS who reports that she is personally reviewing the files for the 19 similarly situated centers, she has reviewed the files for five centers, and needs more time to complete her review. Counsel for the DCFS is also consulting with her staff about the proposed affidavit.

As for the Defendant's ongoing ESI production, on February 5, 2021 the Defendants produced the first installment of ESI production, which included 199,693 emails Bates stamped Defendants 86,014-285,706. On February 22, 2021, Defendants produced the second installment of ESI, which included 489,484 emails Bates stamped Defendants 285,707-775,190. On May 18, 2021 Counsel for Defendants provided the third production of ESI, which includes documents Bates stamped Defendants0775191 - Defendants0861010. The documents are available through a computer link to a database from which the documents are downloaded. Plaintiff's Counsel had technical difficulties accessing the material to download it. Counsels for Defendants are working with their vendor to provided assistance to Plaintiff's Counsel in accessing the third ESI production. The final remaining production consists of approximately 26,000 emails that contain potentially privileged material. Counsels for Defendants have begun review of the material, but were unable to complete review of the material in part due to significant technical issues which

caused Defendants' Counsels to be unable to access the software that hosts the material. Counsels for Defendants were unable to access the software for approximately one month. Counsels for Defendants require an additional 30 days to review the potentially privileged material.

With regard to the Protective Order, Plaintiff's Counsel objects to amending the Order to designate all discovery for "Attorney's Eyes Only" because Plaintiff Ourth is assisting him in reviewing the vast amount of discovery. Defendants' Counsel suggests amending the Protective Order to include a section limiting Plaintiff Ourth's ability to review confidential information contained in DCFS investigations and files of both Safari and non-Safari day care centers, such as reporter identifying information, Juvenile Court information, and criminal background check information. Defendants' Counsel suggests that Counsel for the Parties confer and submit a proposed amended order by the close of business on May 24, 2021. Plaintiff objects to this proposal as reporter identifying information, Juvenile Court information and the results of criminal background checks are not needed and do not need to be produced.

      b.     **Fact and Party Depositions**

Plaintiffs still anticipate needing the depositions of each defendant, one or two depositions from DCFS representatives, and deposition from some of the nineteen non-party day care centers that the Plaintiffs have currently identified as similarly situated.

Defendants still reasonably anticipate that they will take the depositions of Plaintiff James Ourth, Safari Childcare Inc. District Manager and DCFS Liaison Julie Versteegh, and Safari Childcare Inc. District Manager and Corporate Representative Laura Haas. Defendants propose that the Court set a status at the close of Party depositions where each Party can present additional depositions they anticipate needing at that time.

The parties agreed that fact and party depositions should not commence until the named Defendants answer the initial discovery.

The Defendants' production will not be completed by May 24, 2021. Plaintiff cannot commence fact party depositions without production of the emails and requests that the fact oral schedule be set after Defendants' initial production is complete because Plaintiff will need time to review the forthcoming production of emails from the Defendants. Counsel for both Parties require more time to review the ESI that is still being produced on a rolling basis and therefore a deposition schedule cannot reasonably be made at this time.

    **c.**     **Expert Discovery**

Both parties anticipate that they will need experts and ask that an expert discovery schedule be set at a later date.

**B.**     **SETTLEMENT EFFORTS**

No further discussions have been held and the parties do not think that settlement discussions are appropriate at this time.

Date: May 19, 2021

Respectfully Submitted,

| **Plaintiffs** | **Defendants** |
|---|---|
| /s/ Edward R. Moor | |
| Edward R. Moor | KWAME RAOUL |
| Moor Law Office, P.C. | Illinois Attorney General |
| 53 W. Jackson Blvd., Suite 1527 | |
| Chicago, Illinois 60604 | By: /s/Malka R. Hirsch |
| (312) 726-6207 | |
| erm@moorlaw.net | BARBARA L. GREENSPAN |
| | MALKA R. HIRSCH |
| | MICHAELINA G. CAMP |
| | Assistant Attorneys General |
| | Child Welfare Litigation Bureau |
| | 100 W. Randolph, Suite 11-200 |
| | Chicago, Illinois 60601 |

                (312) 814-5255
                Barbara.greenspan@illinois.gov
                Malka.hirsch@illinois.gov
                Michelle.Camp@illinois.gov

## **CERTIFICATE OF SERVICE**

 I hereby certify that on May 19, 2021, I electronically filed the foregoing Joint Status Report with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all registered users.

                /s/ Edward R. Moor