UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAFARI CHILDCARE INC., and<br>JAMES OURTH,<br><br>    Plaintiffs,<br><br> v.<br><br>DENICE MURRAY *et al.*,<br><br>    Defendants. | No. 17 cv 8547<br><br>Hon. Gary S. Feinerman<br><br>Hon. Heather K. McShain |

## JOINT STATUS REPORT (*Corrected*)

NOW COME the Plaintiffs, Safari Childcare, Inc., *et al.*, by their attorney Edward Moor, and the Defendants, Denice Murray, *et al.*, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and in accordance with this Court's order of August 11, 2021, 2021 (Dkt. # 207), submit the following joint status report to the Court:

**A. PROGRESS OF DISCOVERY**

  **a. Written Discovery**

Since the last status report tendered to the Court on August 9, 2021, (Dkt. # 206), the DCFS did produce a Declaration by August 16, 2021 as promised which was to explain how the notes and files of the retirees Richard Alexander, Carol Morris, Donna Riedl, Mary Livorsi, Frank Neuman, Courtney Marshall and Joel Lamz were known to be placed in the files for specific daycare centers. The DCFS also made the additional production that it stated it could perform by August 16, 2021. After filing Dkt. 209 Plaintiffs' counsel learned that he had received but misfiled the email at issue that contained a link to the material at issue, and still needs to review the material.

On August 20, 2021, Defendants counsel informed Plaintiffs' counsel that the fourth,

fifth, sixth and seventh productions contained numerous documents that were inadvertently produced because of an error by the e-discovery vendor. Defendants stated that they need to claw back their fourth, fifth, sixth and seventh productions because both unredacted attorney-client privileged information and not relevant highly confidential documents were inadvertently produced because of this error. Plaintiffs responded that the proper way to do a claw back was to identify specific bates ranges. The Defendants were unable to do so because of the volume of the inadvertent production and asked that the Plaintiffs stop reviewing the fourth through seventh productions and wait for the material to be re-produced. Plaintiffs agreed, after pointing out that much of the production at issue was clearly relevant and non-privileged, when the Defendants claimed that they had to handle the issue by redoing the production. On October 4, 2021, the Defendants re-produced the fourth through seventh productions and also made a new production of about 50,000 pages in bates ranges 861,011 through 910,403.

      On October 7, 2021, counsel for Defendants discovered that a subset of emails were not included in the data provided to the vendor and has not yet been reviewed. This inadvertent error was due to a change in the storage mechanism of the Department's emails. Counsel for Defendants are working diligently to retrieve that data and provide it to the vendor. Once the vendor converts the data to reviewable material, counsel for Defendants anticipate producing the material in 45 days.

      The Plaintiff has been reviewing the Defendants production of almost 1,000,000 pages, but that review is not complete, and was interrupted between August 20, 2021 and today. Plaintiff will also need additional time to determine whether the documents subject to the claw back are, in fact, properly subject to a claw back given that there were many responsive documents in the original versions of the fourth through seventh productions. Defendants state

that the only information withheld as not relevant were documents not requested in Plaintiffs' discovery requests or specifically identified by Plaintiffs in open court as categories of documents not requested, such as unrelated juvenile court documents regarding youth in care.

This means that the Plaintiff anticipates that it will not be ready to start party depositions until mid-March 2022.[1]

The Defendants have no objection to Plaintiffs proposed March 2022 date to commence depositions.

b.  **Fact and Party Depositions**

Plaintiffs still anticipate needing the depositions of each defendant, one or two depositions from DCFS representatives, and deposition from some of the nineteen non-party day care centers that the Plaintiffs have currently identified as similarly situated.

Defendants still reasonably anticipate that they will take the depositions of Plaintiff James Ourth, Safari Childcare Inc. District Manager and DCFS Liaison Julie Versteegh, and Safari Childcare Inc. District Manager and Corporate Representative Laura Haas. Defendants propose that the Court set a status at the close of Party depositions where each Party can present additional depositions they anticipate needing at that time.

The parties agreed that fact and party depositions should not commence until the named Defendants answer the initial discovery.

The Defendants' production will not be completed by October 12, 2021 and request an additional 45 days to complete discovery. Plaintiff cannot commence fact party depositions without production of the emails and requests that the fact oral schedule be set after Defendants' initial production is complete because Plaintiff will need time to review the forthcoming

---

[1] This estimate was made before Plaintiff learned that the Defendants need another 45 days to complete production.

3

production of emails from the Defendants. Counsel for both Parties require more time to review the ESI that is still being produced on a rolling basis and therefore a deposition schedule cannot reasonably be made at this time.

    **c.**     **Expert Discovery**

Both parties anticipate that they will need experts and ask that an expert discovery schedule be set at a later date.

**B.**     **SETTLEMENT EFFORTS**

No further discussions have been held and the parties do not think that settlement discussions are appropriate at this time.

Date: October 12, 2021

Respectfully Submitted,

**Plaintiffs**

/s/ Edward R. Moor
  Edward R. Moor
  Moor Law Office, P.C.
  53 W. Jackson Blvd., Suite 1527
  Chicago, Illinois 60604
  (312) 726-6207
  erm@moorlaw.net

**Defendants**

KWAME RAOUL
Illinois Attorney General

By: /s/Michaelina G. Camp

BARBARA L. GREENSPAN
MALKA R. HIRSCH
MICHAELINA G. CAMP
Assistant Attorneys General
Child Welfare Litigation Bureau
100 W. Randolph, Suite 11-200
Chicago, Illinois 60601
(312) 814-5255
Barbara.greenspan@illinois.gov
Malka.hirsch@illinois.gov
Michelle.Camp@illinois.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 12, 2021, I electronically filed the foregoing Joint Status Report with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all registered users.

/s/ Edward R. Moor